<div align="center">

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| BARRY STUART HALAJIAN, | Case No.: 1:24-cv-00826-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED** |
| vs. | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO FILE AN UNTIMELY FILING BE GRANTED** |
| KELLY YOST, in his Official and Private Capacity, the CITY OF FRESNO, A Municipal Corporation, DOES 1-20 inclusive, | **(Doc. 5, 14)** |
| | **OBJECTIONS DUE: 21 DAYS** |
| Defendants. | |

### I.   INTRODUCTION

Plaintiff Barry Halajian, proceeding *pro se*, initiated this action against Kelly Yost and the City of Fresno (the "City") (collectively, "Defendants") by filing a complaint on February 21, 2024. (Doc. 1). Defendants filed the instant Motion to Dismiss (Doc. 5) on July 15, 2024. Defendants filed a reply (Doc. 13) on August 5, 2024, highlighting that Plaintiff had not yet filed his opposition. Plaintiff filed his opposition on (Doc. 15) and a Notice and Motion for an Extension of Time to File an Opposition (Doc. 14) on August 22, 2024. The motion was referred to the undersigned for the preparation of findings and recommendations. (*See* Docs. 6, 12). For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss

(Doc. 11) be granted.

## II. MOTION TO FILE A LATE OPPOSITION

As Defendants note, Plaintiff filed his opposition 24 days late. Under Local Rule 230(c), the Court may treat a late filing as a non-opposition. In Plaintiff's motion to file a late opposition, he states that "I ask the court for an extension of time to file a reply brief to the Defendant's motion to dismiss. I have been working out of town and have not had time to respond to the civil complaint because of out-of-town commitments. It also took about a week to receive this motion because of late mail delivery." (Doc. 14 at 2).

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time for a party to file a motion after the time to do so has expired if the party failed to act because of "excusable neglect." In assessing "excusable neglect," courts consider four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004). While there is a risk Defendants will be prejudiced, they did not oppose Plaintiff's motion for an extension. (*See* Docket). The remaining factors weigh in Plaintiff's favor. Ultimately, the delay did not affect judicial proceedings, and Plaintiff acted in good faith. Because Plaintiff is proceeding pro se, the undersigned recommends granting Plaintiff's Motion for an Extension of Time to File an Opposition (Doc. 14). Plaintiff is cautioned, however, failing to comply with court-imposed deadlines in the future may result in sanctions, including the striking of an untimely filing.

## III. REQUESTS FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of the following documents:
(1) Sections 400 and 500 of the Fresno City Charter;
(2) California Contractor's State License Board Detail for License #417084;
(3) a Fresno County Fictitious Business Name (FBN) look-up for Industrial Electric Company;
(4) Excerpts of City of Fresno's Project Specifications for Project I.D. #WC00020;
(5) Excerpts of City of Fresno Standard Specifications dated February 2016;

(6) The Final Notice of Completion for Project I.D. #SWC00020, recorded by Clerk of the City of Fresno;
(7) California Civil Code Sections 9350-9510;
(8) California Public Contract Code Sections 7100, 7102, 7107, 7200-7202;
(9) Legislative detail of City Council, dated February 4, 2021;
(10) Fresno's City Resolution No. 2003-129, dated April 29, 2003; and
(11) California Public Contract Code Section 10226,

(Doc. 5-2).

Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may take judicial notice of a public record not for the truth of the facts recited in the document, but for the existence of the matters therein that cannot reasonably be questioned. *See* Fed. R. Evid. 201. A court may also judicially notice a fact that is "not subject to reasonable dispute," or a fact that is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). ("[A] court cannot take judicial notice of disputed facts contained in [judicially noticeable] public records.") (citation omitted).

Because the documents the Defendants request to be judicially noticed are either government-issued or matters of public record, the undersigned recommends granting Defendants' request to take judicial notice of the documents, although the Court will not take notice of disputed facts therein. *See, e.g., Gaetz v. City of Riverside,* 5:23-cv-01368-HDV (SHKx), 2024 WL 1269311, at *10 (C.D. Cal. March 22, 2024) (taking judicial notice of a city's charter); *Love v. Marriott Ownership Resorts, Inc.,* No. 20-CV-07523-CRB, 2021 WL 1176674, at *3 (N.D. Cal. Mar. 29, 2021) (taking judicial notice of public website and documents maintained by government agencies); *Diamond S.J. Enterp., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1217–18 (N.D. Cal. 2019) (finding the Court would take judicial notice of city and county decisions because "[p]ublic records, including judgments and other publicly filed documents, are proper subjects of judicial notice") (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)); *Soublet v. County of Alameda*, No. 18-cv-03738, 2019 WL 12517063, at *16 n.8 (finding county code section proper subject of judicial notice) (N.D. Cal. Dec. 6, 2019)

3

(citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004));

## IV. FACTUAL AND PROCEDURAL BACKGROUND

In considering Defendants' Motion, the Court accepts as true all factual allegations contained in the FAC. *See, e.g., Rotkiske v. Klemm*, 140 S. Ct. 355, 359 n.1 (2019) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

The City awarded a public contract to Dovali Construction, Inc. ("Dovali") in February 2021 to construct site improvements at two municipal city wells (Pump Stations 117 and 284) that provide potable water to the city. (Doc. 1 at 3; Doc. 5-2 at 180-81). The project included various specifications set by the City. Relevant to this case are two provisions related to the projection's completion and a specification for an extension of time/liquidated damages:

### COMPLETION

> When Contractor considers the Work ready for its intended use, the Contractor shall notify the City in writing that the Work is substantially complete. The Contractor shall attach to this request a list of all work items that remain to be completed and a request that the City prepare a Certificate of Substantial Completion. Within a reasonable time thereafter, the City and Contractor shall inspect the Work to determine the status of completion and to the extent that City agrees the Project is substantially complete. If the City does not consider the Work substantially complete, the City will notify Contractor in writing of the reasons therefore and Contractor shall promptly correct all items identified by the City . . . . The City shall record the Notice of Completion when the entire Work including, but not limited to Contractor's closeout document obligations are fully satisfied, Contractor's punch list( s) and work shall have been completed to the satisfaction of the City ....

### EXTENSION OF TIME - - LIQUIDATED DAMAGES

> The Contractor and City hereby agree that the exact amount of damages for failure to complete the work within the time specified is extremely difficult or impossible to determine. Contractor shall be assessed the sum as set forth in the Contract, as liquidated damages for each and every day the work required under the Contract Documents remains unfinished past the time for completion, as set forth in the Contract Documents, and any extensions of time granted by the City to the Contractor under the terms of the Contract Documents. The Contractor will pay to the City or City may retain from amounts otherwise payable to the Contractor, said amount for each day after failure to meet the requirements of the contract completion as scheduled in the Contract. For purposes of this item, section Work shall be considered complete in accordance with the provisions of the foregoing section entitled "COMPLETION" and issuance of a Certificate of Substantial Completion.

> *Contractor shall not be charged for liquidated damages, as set forth above, because of any delays in completion of Work which are not the fault or negligence of Contractor, or its subcontractors, or persons or entitles for which it is responsible, including, but not restricted to acts of God, as set forth herein.*

(Doc. 5-2 at 74) (emphasis added).  The project specifications allotted 150 days to complete the project and set forth a liquidated damages provision that required Dovali to pay $500 per day for each calendar day of delay in completing the project.  (Doc. 5-2 at 31).

Dovali could subcontract work required for the project, but it was solely responsible to pay its subcontractors, and the project specifications required that Dovali do so promptly.  (Doc. 5-2 at 97, 98).  Plaintiff entered a contract with Dovali to provide electrical construction materials and services for the project.  (Doc. 1 at 3-6).  The City gave Dovali the Notice to Proceed in May 2021.  (Doc. 1 at 17).

Plaintiff faced several unanticipated delays during the project, as obtaining electrical equipment was complicated by the COVID-19 pandemic.  (Doc. 1 at 6).  The City submitted a request to the state's Water Resource Control Board for additional funding to cover the rising material costs during that time.  (Doc. 1 at 50).  Plaintiff completed its portion of the project on February 15, 2024.  (Doc. 1 at 5).  Dovali sent the City a Notice of Completion on February 20, 2024.  (Doc. 5-2 at 110).

Plaintiff alleges various injuries that generally related to his allegation that Defendants "refus[ed] to issue and with[held] payment due for labor, the furnishing of electrical construction materials and other related items."  (Doc. 1 at 3).   Plaintiff alleges he is owed $200,000 based on the services he provided under the contract.  (Doc. 1 at 43).  Plaintiff also alleges "Plaintiff has been denied normal progress payments for labor and materials and profit that is usually made in installments."  (Doc. 1 at 14).  Because Plaintiff has not been paid what he alleges he is owed, he has been unable to pay some of his employees, who have left his company.  (Doc. 1 at 21).  Plaintiff does not allege he entered a contract with Defendants.  He seeks injunctive relief, "compelling the Defendants to pay the full amount of the money with interest owed for the services Plaintiff and Dovali provided without deductions of monetary sanctions that were imposed unlawfully because of the several delays that were outside of Plaintiff and Dovali's

direct control." (Doc. 1 at 35). Plaintiff also requests the Court to order Defendants to pay Dovali portions of the grants specifically designated for cost increases. (Doc. 1 at 35-36).

## V. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when

1  justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Court, on its own motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Bradley-Aboyade v. Crozier*, No. 2:19-cv-01098-TLN-AC, 2021 WL 3472238, at *3 (E.D. Cal. Aug. 6, 2021) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)) (internal quotation marks omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012). In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

**VI.     DISCUSSION**

Much of Plaintiff's complaint centers around the contractual relationship between Dovali and the Defendants, but he does not appear to allege a breach of contract claim on Dovali's behalf. (Doc. 15 at 23) ("DOVALI has been pursuing an administrative process, mediation for months with attorney's fees of over $40,000.00 with no results or resolution. This is patently not fair. We all worked hard, did a great job that the COF has accepted. Why should my customer, DOVALI have to be blead to death financially spending money on high priced attorneys just to

7

get the money that we are all duly owed."). For example, Plaintiff contends that many of the project delays resulted from the City's management, which prevents Defendants from enforcing the liquidated damages provision in its contract with Dovali. (Doc. 1 at 8) ("Furthermore, the Defendants, YOST and his department, caused most if not all of the many project delays themselves due to poor management on their part. Even if the electrical equipment had arrived without delay, the COF mismanagement would have still been the cause of the delays in completing the project at hand."); Doc. 1 at 11) ("Dovali has never received any reimbursement from the COF for these submitted cost over runs.").

Plaintiff, however, may only assert his own rights, and not the rights of others. *See Brumfield v. Dep't of Veteran Affairs,* No. 14–cv–04647–JSC, 2015 WL 294380, at *5 (N.D. Cal. Jan. 22, 2015). He cannot sue "to rectify wrongs done to others," including friends and family. *Id*. Pro se litigants may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff repeatedly alleges he is the relevant party in interest, as "it is the money that I am owed by the Defendants for services rendered by me that is the property in question: Since it was the plaintiffs interest in the property which was injured by the defendant's unlawful actions to violate my rights to due process and other rights complained of here, I am the owner of the cause of action and I am entitled to maintain the present action." (Doc. 15 at 13). Plaintiff, however, has not demonstrated that he had a contract with Defendants, nor has he alleged how he and Dovali were in privity with one another. Accordingly, to the extent that Plaintiff seeks to vindicate Dovali's rights, Plaintiff is without standing to sue Defendants for breach of contract claim on Dovali's behalf. *See, e.g., Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc./ Obayashi Corp.*, 111 Cal.App.4th 1328, 1348 (2003) ("Under the circumstances presented here, there is no contract between City and subcontractor Sehulster, and Sehulster cannot sue City directly because there is no privity of contract between them."); *Howard Contracting v. G.A. MacDonald Construction Co.*, 71 Cal.App.4th 38, 60 (Cal. App. Dec. 21, 1998) ("When a public agency breaches a construction contract with a contractor, damage often ensues to a subcontractor. In such a situation, the subcontractor may not have legal standing to assert a claim directly against the public agency due

to a lack of privity of contract, but may assert a claim against the general contractor . . . As a subcontractor, [Plaintiff] had no standing to sue the City directly, particularly on a breach of contract theory, because [Plaintiff] and the City were not in privity of contract.")

Setting those allegations aside and construing the complaint liberally, the Court interprets Plaintiff's complaint to allege the following claims: (1) a violation of the Equal Protection Clause; (2) a violation of Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment; (3) a violation of the Fourth Amendment; (4) a violation of the Bill of Attainder Clause; (5) a violation of the Contract Clause; (6) Negligent Interference with Prospective Economic Advantage; and (7) Intentional Infliction of Emotion Distress. (*See* Doc. 1). Plaintiff's first five claims are pursuant to 42 U.S.C. § 1983.

**A.    Constitutional Claims Under § 1983**

    **1.    Plaintiff Has Not Sufficiently Alleged *Monell* Liability**

Defendants contend the Court must dismiss Plaintiff's claims based on the U.S. Constitution because Plaintiff does not sufficiently allege liability under § 1983. "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Municipalities, like the City, are answerable only for their own decisions and policies, and they are not vicariously liable for the constitutional torts of their agents. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). To establish liability under *Monell*, a plaintiff must allege: "(1) that he [or she] possessed a constitutional right of which he was deprived; (2) that the [local governmental entity] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citation and internal quotation marks omitted). A municipality can be held liable under section 1983 for constitutional injuries pursuant to: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "Whether a particular official has final policy-making authority is a question of state law." *Jessen v. Cnty. of Fresno*, 808 F. App'x 432, 435 (9th Cir. 2020).

Plaintiff has failed to allege that Defendants had a policy; that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and that the policy is the moving force behind the constitutional violation, as required to establish *Monell* liability for any of Plaintiff's constitutional claims. *Oviatt,* 954 F.2d at 1474. At most, Plaintiff alleges "[t]he [City] has established a 'pattern and practice' of conducting their business affairs in unethical manners by taking advantage of contractors and vendors who get involved with the [City] unaware of how this City . . . operate[s]." (Doc. 1 at 28). These facts do not identify any specific policy by the Defendants, let alone how that policy is the "moving force" behind a constitutional violation. It is not clear how "taking advantage of contractors" amounts to a constitutional violation. Plaintiff may not simply recite the elements of a cause of action, and the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011*).* The allegations must also plausibly suggest Plaintiff is entitled to relief "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Plaintiff's conclusory allegations do not establish that the practices were widespread and so well settled as to constitute a custom or usage, nor has he connected any policy to a specific constitutional injury. *See* infra. Accordingly, the undersigned recommends dismissing Plaintiff's claims under § 1983.

Because Plaintiff also fails to state constitutional violations (in addition to failing to allege *Monell* liability for those violations) the undersigned will address them briefly below.

### 2. Plaintiff Has Not Alleged a Violation of the Equal Protection Clause

Plaintiff alleges he is "being discriminated against as someone who operates an Electrical Contracting business in Fresno and was unfortunate to be under contracted that is associated with [the City]." (Doc. 1 at 13). Plaintiff contends he is "being treated differently than other contractors who are similarly situated in other counties and cities." (Doc. 1 at 15).

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim under section 1983, "a plaintiff must show

that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted). Plaintiff must allege facts to support a finding of discriminatory intent because of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Even construing the complaint liberally, Plaintiff has failed to allege he is a member of a protected class and that the Defendant acted with the intent of discriminating against Plaintiff for his membership in that protected class. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not state a claim. *Twombly*, 550 U.S. at 555-57 (2007). Without more, Plaintiff has failed to state a claim under the Equal Protection Clause.

### 3. Plaintiff Has Not Alleged a Violation of the Due Process Clause

Plaintiff alleges that "[w]ithout a court order or a warrant to seize personal property, the Defendants cannot seize and withhold personal property, such as money due from a construction contract. It is a violation of the COF's own contract with Dovali and the Plaintiff's due process rights." (Doc. 1 at 8). Plaintiff also alleges "[h]olding back money that is due and owing without a court order is an unlawful act that is done without judicial due process along with making false claims that Plaintiff has not delivered on time when the supply chain issues which are out of anyone's control have caused the delays." (Doc. 1 at 8). Plaintiff further alleges that Defendants have "side-stepped the clearly stated procedural requirements under the U.S. Constitution," as Plaintiffs allege the Defendants' decision to impose penalties was an "arbitrary and capricious act with no legitimate government purpose other than to save money." (Doc. 1 at 27).

The Fourteenth Amendment of the U.S. Constitution protects against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). "Claims under the Due Process Clause may be either procedural or substantive in nature." Alexander v. County of San Mateo, No. 20-cv-05179-RS, 2020 WL 6577499, at *2 (N.D. Cal. Oct. 6, 2020). "A section 1983 claim based upon procedural

due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Substantive due process claims center on whether an interest may be infringed upon at all. *Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008). "These two types of claims share a threshold requirement: 'the plaintiff's showing of a liberty or property interest protected by the Constitution.'" *Alexander*, 2020 WL 6577499, at *2 (quoting *Engquist v. Oregon Dep't of Agr.*, 478 F.3d 985, 996 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). A person has a protected property interest in a benefit only if they "have a legitimate claim of entitlement to it." *City of Castle Rock v. Gomez*, 545 U.S. 748, 756 (2005).

Both of Plaintiff's Due Process Clause claims fail because he has failed to identify a liberty or property interest protected by the Constitution. Plaintiff alleges Defendants violated Plaintiff's procedural and substantive due process rights by enforcing the liquidated damages provision of the project specifications, which totaled more than $200,000. (Doc. 1 at 28). Plaintiff has not demonstrated, however, that Defendants levied these charges against Plaintiff. Instead, Plaintiff's exhibits showed that the City charged Dovali for more than $207,000 in liquidated damages. (Doc. 1 at 92-93). Plaintiff has not established how it had a protected property interest in Dovali receiving payments from the City. Accordingly, Plaintiff has not sufficiently alleged a claim under the Due Process Clause. *Engquist*, 478 F.3d at 996

### 4. Plaintiff Has Not Alleged a Violation of the Fourth Amendment

Plaintiff alleges "[t]he withholding of the full amounts of payments is an administrative act without a court order, which seizes Plaintiff's property, the payment of money owed without a warrant or any judicial process, is a breach of the COF's own contract with Dovali and also violates the Fourth Amendment." (Doc. 1 at 4). Plaintiff also seeks "injunctive relief for the threat of the violation of the Fourth Amendment." (Doc. 1 at 34).

The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. To establish a viable Fourth Amendment claim, a plaintiff must show not

only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Rubio*, 727 F.2d 786, 796–97 (9th Cir. 1983).

Plaintiff has not alleged that he or his property was seized so as to implicate the Fourth Amendment. Again, Plaintiff has not established there was any contract between Plaintiff and Defendant. Plaintiff instead alleges that Defendants withheld payment to Dovali, who in turn, withheld payment from Plaintiff. Accordingly, Plaintiff has failed to state a claim for violation of the Fourth Amendment.

### 5. Plaintiff Has Not Alleged a Violation of the Bill of Attainder

Plaintiff alleges "[t]he Defendants took on the role of a Judicial Branch of government when issuing fines for late delivery of the service panel when this was prohibited under Article One, Section Ten, which prohibits a Bill Of Attainder. The above-named Tort-feasor, YOST claimed Plaintiff and Dovali is not allowed to receive payment for services and hundreds of thousands of dollars expended for labor and materials. This constitutes theft of personal property and is a bill of attainder." (Doc. 1 at 14). Plaintiff repeatedly asserts that Defendants functioned "in a judicial capacity," though it is unclear what this means.

Under the Constitution, Congress shall pass "[n]o Bill of Attainder." U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *SeaRiver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 668 (9th Cir. 2002) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, (1977)). "Three key features brand a statute a bill of attainder: that the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial." *Mineta*, 309 F.3d at 668 (footnote omitted) (citing *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 847 (1984)). Plaintiff has failed to identify a statute that amounts to a bill of attainder. Without a "bill," Plaintiff cannot allege his rights were violated by a bill of attainder. *See Mineta*, 309 F.3d at 668.

### 6. Plaintiff Has Not Alleged a Violation of the Contracts Clause

Plaintiff alleges that Defendants breached their contract by compelling Plaintiff, without

compensation, to expand the scope of the project. (Doc. 1 at 24). Plaintiff contends this amounts to a seizure of property, which then violates the Contract Clause. (*Id.*). Plaintiff contends Defendants violated the Contract Clause by "failing to honor and uphold the construction contract under which dictates Plaintiff must be paid for products and services, including but not limited to all the labor, material and profit Plaintiff is entitled to." (Doc. 1 at 38).

The Contract Clause of the U.S. Constitution prevents states from passing laws that impair contractual obligations. U.S. Const. Art. 1 § 10. "It regulates the legislative power of states, not the acts or decisions of state officers or individuals." *Hill v. Newsom*, No. 2:19-cv-1680 DAD AC P, 2022 WL 16722216, at *4 (Nov. 4, 2022). Plaintiff has not alleged the state legislature has impaired his contract with another party (nor has Plaintiff alleged he has a contract with Defendant). Accordingly, Plaintiff has failed to allege a claim under the Contracts Clause. U.S. Const. Art. 1 § 10.

**B. State Law Claims**

Plaintiffs allege two claims under state law: negligent interference with a prospective economic advantage and intentional infliction of emotional distress. Defendants cntend that "Plaintiffs cause of action [under state law] . . . attempts to assert a tort claim against the City of Fresno under state common law. In doing so, he ignores that a tort theory cannot be asserted against the City of Fresno except as otherwise provided by statute. No statute has been provided by Plaintiff." (Doc. 5-1 at 26).[1]

Under the California Government Claims Act, "a public entity is not liable for injury arising from an act or omission except as provided by statute." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998); Cal. Gov. Code, § 815, subd. (a). Accordingly, in California, "all government tort liability must be based on statute." *Id.*; *Churchman v. Bay Area Rapid Transit Dist.*, 39 Cal. App. 5th 246, 250 (2019). Plaintiffs are required to plead the statutory basis

[1] Defendants allege Plaintiff has failed to comply with the statutory requirements of the California Tort Claims Act, California Government Code § 810 *et seq*. Plaintiff alleges he "has exhausted his administrative remedies by the way of mailing Notice and Opportunity to YOST via Registered Mail more than once." (Doc. 1 at 16). The Court will assume without deciding that Plaintiff has sufficiently presented his claim to the responsible public entity as required by California law.

for a claim against a government entity or employee. *Morse v. Cty. of Merced*, 2016 WL 3254034, at *6 (E.D. Cal. June 13, 2016) (citing *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 808–09 (1969)); *see also Lopez v. Southern Cal. Rapid Dist.*, 40 Cal. 3d 780, 795 (1985). "Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified." *Searcy*, 177 Cal. App. 3d at 802. Plaintiff has not identified a statutory basis for liability. Without as much, Plaintiff's state law claims must be dismissed. *Fisher v. Army National Guard*, 2021 WL 5989798, at *8 (E.D. Cal. Dec. 17, 2021) ("Plaintiff's Second, Third, and Fourth Causes of Action are not pleaded with particularity and fail to adequately identify a specific statutory basis for direct liability. Accordingly, the undersigned recommends that the Second, Third, and Fourth Causes of Action be dismissed."); *Barone v. Los Angeles County Sheriff's Department*, 2024 WL 3001397, at *11 (C.D. Cal. March 29, 2024) (dismissing a claim where Plaintiff did not allege a statutory basis for the claim).

### VII.   LEAVE TO AMEND

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012). In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013). Because the Court cannot determine that Plaintiff's complaint could not possibly be cured by alleging other facts, the Court recommends granting Plaintiff leave to amend.

**VIII.   CONCLUSION**

For the foregoing reasons, the undersigned recommends the following:

(1) Defendants' Motion and Request for Leave to File a Late Opposition (Doc. 14) be GRANTED;

(2) Defendants' request for judicial notice (Doc. 5-2) be GRANTED; and

(3) Defendants' Motion to Dismiss be GRANTED with leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 14, 2024**                         /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE