# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>KELLY YOST, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:24-cv-00826-JLT-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION WITHOUT PREJUDICE**<br><br>(Doc. 23) |

Pending before the Court is Plaintiff Barry Halajian ("Plaintiff")'s "Ex Parte Notice of Motion and Motion for Leave to Set a Date for a Deposition of a Witness and for Documents to Obtain Disclosures of Economic Losses of Steve Dovali Construction," filed December 13, 2024. (Doc. 23.) Defendants Kelly Yost and the City of Fresno (collectively "Defendants") filed an opposition to the motion on December 17, 2024. (Doc. 24.)

For the reasons set forth below, Plaintiff's motion shall be denied without prejudice.

## I. BACKGROUND

**1.  Factual Background**

On February 21, 2024, Plaintiff, proceeding *pro se*, initiated this action against Defendants alleging that he entered into a contract with Dovali Construction, Inc. ("Dovali") to provide electrical construction materials and services for a project to construct site improvements at municipal city wells that provide potable water to the City. Plaintiff alleges that Defendants "refus[ed] to issue and with[held] payment due for labor, the furnishing of electrical construction materials and other related items." (Doc. 1 at 3.)

1        Plaintiff alleges he is owed $200,000 based on the services he provided under the contract. (*Id*. at 43.)  Plaintiff also alleges he "has been denied normal progress payments for labor and materials and profit that is usually made in installments." (*Id*. at 14.)  He seeks injunctive relief, "compelling the Defendants to pay the full amount of the money with interest owed for the services Plaintiff and Dovali provided without deductions of monetary sanctions that were imposed unlawfully because of the several delays that were outside of Plaintiff and Dovali's direct control." (*Id*. at 35.)  Plaintiff also requests the Court to order Defendants to pay Dovali portions of the grants specifically designated for cost increases.  (*Id*. at 35-36.)

**2.    Procedural History**

Defendants filed a motion to dismiss on July 15, 2024.  (Doc. 5.)  Defendants move to dismiss Plaintiff's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has failed to state a claim.  (*See id.*)  Plaintiff filed his opposition on August 22, 2024. (Doc. 15.)

The motion was referred to the undersigned for the preparation of findings and recommendations.  (*See* Docs. 6, 12.)  On October 15, 2024, findings and recommendations were issued recommending the Court grant Defendants' motion to dismiss with leave to amend.  (Doc. 20.)  On November 6, 2024, Plaintiff timely filed objections to the findings and recommendations. (Doc. 22.)  The findings and recommendations remain pending before the district judge.

On November 5, 2024, the undersigned issued a minute order continuing the mandatory scheduling conference, *sua sponte*, to March 13, 2025, in view of the pending findings and recommendations.  (*See* Doc. 21.)  Plaintiff filed the instant motion on December 13, 2024.  (Doc. 23.)

## II.    DISCUSSION

Although not entirely clear, Plaintiff appears to seek an order compelling Defendants to serve initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and permitting him to seek discovery from third party Dovali.  (*See* Doc. 23 at 1, 7–8.)  Plaintiff purports to seek this discovery so that he can "obtain additional evidence of [his] compliance with the *Monell* doctrine." (*Id*. at 1.)

Rule 26(a)(1)(C) requires that a party make initial disclosures "at or within 14 days after the

parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Here, because the parties have not held their Rule 26(f) conference, and there is no stipulation or court order directing the parties to serve initial disclosures, Plaintiff's demand for such disclosures is premature and will be denied at this time. *See Zappia v. World Sav. Bank FSB*, No. 14CV1428-WQH (DHB), 2015 WL 1608921, at *3 (S.D. Cal. Apr. 10, 2015) ("Initial disclosures are not due until 14 days after the parties' Rule 26(f) conference. Here, the Rule 26(f) conference has not yet occurred, and there has been no court order or stipulation setting a different timeline. Accordingly, Wells Fargo does not have any obligation to make initial disclosures at this stage in the litigation.") (internal citations omitted).

Regarding Plaintiff's request to pursue deposition or written discovery from a third party prior to Rule 26(f) conference, such request will be denied. Rule 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

As set forth above, the parties have not yet held a Rule 26(f) conference, so in the absence of a stipulation, Plaintiff may obtain early discovery under Rule 26(d) only by court order upon a showing of good cause. *See, e.g., Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.,* Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017); *Apple Inc. v. Samsung Elecs. Co.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Plaintiff has not mentioned, much less demonstrated, good cause to justify early discovery at this time, particularly where the discovery sought, *e.g.*, "compliance with the *Monell* Doctrine," will not affect a ruling on the pleadings. (*See, e.g.*, Doc. 20 ("In considering Defendants' Motion, the Court accepts as true all factual allegations contained in the [complaint].").)

Finally, to the extent Plaintiff seeks to compel Defendants to participate in a Rule 26(f)

3

conference so that he can "preserve [his] right to discovery" (*see* Doc. 23 at 1), such request will be denied. The Court is vested with broad discretion to manage the process of discovery and to control the course of litigation, *see Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), with the goal of ensuring the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1. This Court and others within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not "practicable," given the stage of the proceedings. *See Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254 at *2, 3 (E.D. Cal. July 17, 2019). *See also Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019); *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013); *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013).

Here, compelling Defendants to participate in a Rule 26(f) conference while the findings and recommendations are pending is not practicable.[1] The undersigned's recommendation that the Court grant Defendants' motion to dismiss, with leave to amend, necessarily implicates the scope of discovery in this case. *See, e.g., In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (denying motion to compel Rule 26(f) conference, deeming the plaintiffs' "efforts to pursue written discovery in this action [] premature" where "the parties intend to engage in substantial motion practice to challenge the operative pleading."); *Contentguard*, 2013 WL 12072533, at *2 (same, observing "[i]t would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted"). Plaintiff has not articulated any good cause to conclude otherwise. *See, e.g.*, *Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the [] conference should be conducted on an earlier date" than 21 days before the scheduling conference).

---

[1] Nor is holding a scheduling conference, which is why the undersigned has continued the conference while the findings and recommendations are pending. (*See* Doc. 21.)

4

### III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's "Ex Parte Notice of Motion and Motion for Leave to Set a Date for a Deposition of a Witness and for Documents to Obtain Disclosures of Economic Losses of Steve Dovali Construction" (Doc. 23) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  **December 19, 2024**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE