**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY STUART HALAJIAN, | Case No.: 1:24-cv-0826 JLT SKO |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEEFNDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| KELLY YOST, et al, | (Docs. 5, 14, 20) |
| Defendants. | |

    Barry Halajian is proceeding *pro se* in this action, in which he seeks to hold Kelly Yost and the City of Fresno liable for violations of federal and state laws, including violations of his civil rights, the Bill of Attainder, the Contracts Clause of the U.S. Constitution, negligent interference with a prospective economic advantage, and infliction of emotional distress. (*See generally* Doc. 1.) Defendants moved to dismiss the complaint pursuant to Rules 8, 12(b)(1)(6), 12(e), 12(f) and 12(g) of the Federal Rules of Civil Procedure. (Doc. 5.)

    The assigned magistrate judge noted Plaintiff's opposition to the motion to dismiss was untimely, and recommended the Court grant his request to consider the belated filing. (Doc. 20 at 2.) Reviewing the allegations of the complaint, the magistrate judge found Plaintiff failed to sufficiently allege facts that would support *Monell* liability against the City. (*Id.* at 9-10.) In addition, the magistrate judge found Plaintiff failed to state constitutional violations under the Equal Protections Clause, the Due Process Clause, and seizure under the Fourth Amendment. (*Id.* at 10-12.) The

1

magistrate judge also found Plaintiff failed to state a claim regarding a bill of attainder, because Plaintiff did not identify any "bill" in issue. (*Id.* at 13.) The magistrate judge also found Plaintiff did not allege a violation of the Contracts Clause because "Plaintiff has not alleged the state legislature has impaired his contract with another party (nor has Plaintiff alleged he has a contract with Defendant." (*Id.* at 14.) Finally, the magistrate judge found Plaintiff failed to state a claim under state law because he did not "identif[y] a statutory basis for liability." (*Id.* at 15.) Therefore, the magistrate judge recommended the motion to dismiss be granted, and Plaintiff be given leave to file an amended complaint. (*Id.* at 15-16.)

Plaintiff filed an "Opposition to the Magistrate Judge's Findings and Recommendations." (Doc. 22.) He contends the magistrate judge erred in finding that he fails to state a claim, and "object[s] to being shut out of the discovery process." (*Id.* at 6-7; *see also id.* at 28.) Plaintiff also alleges additional facts and submits exhibits to support of his claims. (*See id.* at 30-36.)

The Court does not find the objections meaningfully respond to the specific findings of the magistrate judge related to the pleading deficiencies of the claims raised. To the extent Plaintiff now submits additional allegations and evidence to support his claim, such are not relevant to the determination of whether he stated a cognizable claim in the initial complaint. Further, to the extent that Plaintiff contends he is being "shut out" of the discovery process, he is simply required to state a cognizable claim before the Court will open discovery. *See Simon v. Value Behavioral Health, Inc.* 208 F.3d 1073, 1085 (9th Cir. 2000 (observing that a plaintiff has "the burden of pleading a cognizable claim," and declining to disturb the ruling of the district court to not permit immediate discovery); *see also Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) ("It is well established that there is no general right to discovery upon filing of the complaint…. In the absence of a cognizable claim, [plaintiffs] have no right to any discovery") (citation omitted)).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 15, 2024 (Doc. 20) are **ADOPTED** in full.

2. Plaintiff's request for an extension of time to file an opposition (Doc. 14) is **GRANTED** nunc pro tunc.

3. Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**.

4. Plaintiff's claims are **DISMISSED** with leave to amend.

5. Within 21 days, Plaintiff **SHALL** file a First Amended Complaint. The amended complaint **SHALL** bear the case number and be signed under penalty of perjury. Plaintiff's amended complaint <u>**shall not exceed 30 pages**</u>, including exhibits.

<u>**Failure to file an amended complaint will result in dismissal without prejudice failure to prosecute and failure to obey the Court's order.**</u>

IT IS SO ORDERED.

Dated:   **December 23, 2024**

_UNITED STATES DISTRICT JUDGE_