UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN, | Case No.: 1:24-cv-00826-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED** |
| vs. | **(Doc. 32)** |
| KELLY YOST, in his Official and Private Capacity, the CITY OF FRESNO, A Municipal Corporation, DOES 1-20 inclusive, | **OBJECTIONS DUE: 21 DAYS** |
| Defendants. | |

### I.   INTRODUCTION

Plaintiff Barry Halajian, proceeding *pro se*, initiated this action against Kelly Yost and the City of Fresno (the "City") (collectively, "Defendants") by filing a complaint on February 21, 2024. (Doc. 1). On December 23, 2024, the assigned district judge adopted the undersigned's Findings and Recommendations (Doc. 20) in full, dismissing the complaint and granting leave to amend. (Doc. 28). On January 13, 2025, Plaintiff filed a First Amended Complaint. (Doc. 29 ("FAC")).

Defendants filed the instant Motion to Dismiss the First Amended Complaint (Doc. 32) on January 28, 2025. No opposition was filed. The motion was referred to the undersigned for the

preparation of findings and recommendations. (*See* Doc. 33).

The Court has reviewed the Defendant's Motion to Dismiss and finds the matter suitable for decision without oral argument. Accordingly, the hearing set for March 12, 2025, will be vacated. For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 32) be granted. In light of that recommendation, the undersigned further recommends the Defendants' motions for a more definite statement and to strike be denied as moot.

## II.     REQUESTS FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of the following documents:

(1)  Sections 400 and 500 of the Fresno City Charter;
(2)  California Contractor's State License Board Detail for License #417084;
(3)  a Fresno County Fictitious Business Name (FBN) look-up for Industrial Electric Company;
(4)  Excerpts of City of Fresno's Project Specifications for Project I.D. #WC00020;
(5)  Excerpts of City of Fresno Standard Specifications dated February 2016;
(6)  The Final Notice of Completion for Project I.D. #SWC00020, recorded by Clerk of the City of Fresno;
(7)  California Civil Code Sections 9350-9510;
(8)  California Public Contract Code Sections 7100, 7102, 7107, 7200-7202;
(9)  Legislative detail of City Council, dated February 4, 2021;
(10) Fresno's City Resolution No. 2003-129, dated April 29, 2003; and
(11) California Public Contract Code Section 10226,
(12) Plaintiff's Affidavit in Support of Plaintiff's First Amended Petition for Declaratory and Injunctive Relief and Claim for Deprivation of Rights Under Color of Authority

(Doc. 32-2).

Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may take judicial notice of a public record not for the truth of the facts recited in the document, but for the existence of the matters therein that cannot reasonably be questioned. *See* Fed. R. Evid. 201. A court may also judicially notice a fact that is "not subject to reasonable dispute," or a fact that is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2) ("[A] court cannot take judicial notice of disputed facts contained in [judicially noticeable] public records.") (citation omitted).

Because the documents the Defendants request to be judicially noticed are either government-issued or matters of public record, the undersigned recommends granting Defendants' request to take judicial notice of the documents, although the Court will not take notice of disputed facts therein. *See, e.g., Gaetz v. City of Riverside,* 5:23-cv-01368-HDV (SHKx), 2024 WL 1269311, at *10 (C.D. Cal. March 22, 2024) (taking judicial notice of a city's charter); *Love v. Marriott Ownership Resorts, Inc.,* No. 20-CV-07523-CRB, 2021 WL 1176674, at *3 (N.D. Cal. Mar. 29, 2021) (taking judicial notice of public website and documents maintained by government agencies); *Diamond S.J. Enterp., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1217–18 (N.D. Cal. 2019) (finding the Court would take judicial notice of city and county decisions because "[p]ublic records, including judgments and other publicly filed documents, are proper subjects of judicial notice") (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)); *Soublet v. County of Alameda*, No. 18-cv-03738, 2019 WL 12517063, at *16 n.8 (finding county code section proper subject of judicial notice) (N.D. Cal. Dec. 6, 2019) (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004)).

### III.  FACTUAL AND PROCEDURAL BACKGROUND

In considering Defendants' Motion, the Court accepts as true all factual allegations contained in the FAC. *See, e.g.*, *Rotkiske v. Klemm*, 589 U.S. 8, 10 n.1 (2019) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

The City awarded a public contract to Dovali Construction, Inc. ("Dovali") in February 2021 to construct site improvements at two municipal city wells (Pump Stations 117 and 284) that provide potable water to the city. (FAC ¶ 3; Doc. 32-2 at 177–78). The project included various specifications set by the City. Relevant to this case are two provisions related to the projection's completion and a specification for an extension of time/liquidated damages:

**COMPLETION**

When Contractor considers the Work ready for its intended use, the Contractor shall notify the City in writing that the Work is substantially complete. The Contractor shall attach to this request a list of all work items that remain to be completed and a request that the City prepare a Certificate of Substantial Completion. Within a reasonable time thereafter, the City and Contractor shall inspect the Work to determine the status of completion and to the extent that City agrees the Project is

3

substantially complete. If the City does not consider the Work substantially complete, the City will notify Contractor in writing of the reasons therefore and Contractor shall promptly correct all items identified by the City . . . . The City shall record the Notice of Completion when the entire Work including, but not limited to Contractor's closeout document obligations are fully satisfied, Contractor's punch list( s) and work shall have been completed to the satisfaction of the City ....

## EXTENSION OF TIME - LIQUIDATED DAMAGES

The Contractor and City hereby agree that the exact amount of damages for failure to complete the work within the time specified is extremely difficult or impossible to determine. Contractor shall be assessed the sum as set forth in the Contract, as liquidated damages for each and every day the work required under the Contract Documents remains unfinished past the time for completion, as set forth in the Contract Documents, and any extensions of time granted by the City to the Contractor under the terms of the Contract Documents. The Contractor will pay to the City or City may retain from amounts otherwise payable to the Contractor, said amount for each day after failure to meet the requirements of the contract completion as scheduled in the Contract. For purposes of this item, section Work shall be considered complete in accordance with the provisions of the foregoing section entitled "COMPLETION" and issuance of a Certificate of Substantial Completion.

*Contractor shall not be charged for liquidated damages, as set forth above, because of any delays in completion of Work which are not the fault or negligence of Contractor, or its subcontractors, or persons or entitles for which it is responsible, including, but not restricted to acts of God, as set forth herein.*

(Doc. 32-2 at 73) (emphasis added). The project specifications allotted 150 days to complete the project and set forth a liquidated damages provision that required Dovali to pay $500 per day for each calendar day of delay in completing the project. (Doc. 32-2 at 30).

Dovali could subcontract work required for the project, but it was solely responsible to pay its subcontractors, and the project specifications required that Dovali do so promptly. (Doc. 32-2 at 96–97). Plaintiff entered a contract with Dovali to provide electrical construction materials and services for the project. (FAC ¶¶ 3, 7–8). The City gave Dovali the Notice to Proceed in May 2021. (Doc. 32-1 at 10).

Plaintiff faced several unanticipated delays during the project, as obtaining electrical equipment was complicated by the COVID-19 pandemic. (FAC ¶ 8). The City submitted a request to the State's Water Resource Control Board for additional funding to cover the rising material costs during that time. (FAC ¶ 26). Plaintiff completed its portion of the project on February 15,

4

1  2024. (FAC ¶ 29). Dovali sent the City a Notice of Completion on February 20, 2024. (Doc. 32-
2  2 at 109).

3  Plaintiff alleges various injuries that generally related to his allegation that Defendants
4  "refus[ed] to issue payment for a series of services and material supplied to the Defendants as part
5  of [his] obligation to complete construction of electrical wiring and installation of electrical
6  equipment, conduit, wire and associated electrical wiring and installation of electrical equipment,
7  conduit, wire and associated electrical hardware in order to complete my portion of the
8  Construction Contract between STEVE DOVALI CONSTRUCTION, INC (hereinafter SDC). And
9  the CITY OF FRESNO (hereinafter COF)." (FAC ¶ 3). Plaintiff alleges he is owed $400,000.
10 (FAC¶ 63). Because Plaintiff has not been paid what he alleges he is owed, he has been unable to
11 pay some of his employees, who have left his company. (FAC ¶ 16).

12 Plaintiff does not allege he entered a contract with Defendants. He seeks injunctive relief,
13 "that the Defendants lack[] jurisdiction and authority to take actions that are causing the loss of
14 thousands of dollars of business income, and the Defendants must comply with the mandates
15 established by the state and federal appeals court rulings." (FAC ¶ 60).

### V. LEGAL STANDARD

17 A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon
18 which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there
19 is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
20 legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To
21 survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter,
22 accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32
23 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic
24 Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

25 "At this stage, the Court must take all well-pleaded allegations of material fact as true and
26 construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot,
27 Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible
28 claim is context specific, requiring the reviewing court to draw on its experience and common

1 sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012). In general, a *pro se* litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

//
//

## VI.   DISCUSSION

Much of Plaintiff's complaint centers around the contractual relationship between Dovali and the Defendants, but he does not appear to allege a breach of contract claim on Dovali's behalf. (FAC ¶ 3) ("The Defendant, KELLY YOST, has violated the Due process Clause and Equal Protection Clause of the Fourteenth Amendment by refusing to issuing payment for a series of services and materials supplied to the Defendants as part of my obligation to complete construction of electrical wiring and installation of electrical equipment, conduit, wire, and associated electrical hardware in order to complete my portion of the Construction Contract between STEVE DOVALI CONSTRUCTION, INC . .  and the CITY OF FRESNO."). For example, Plaintiff contends that many of the project delays resulted from the City's management, which prevents Defendants from enforcing the liquidated damages provision in its contract with Dovali. (*Id.* ¶ 16 ("KELLY YOST used [a] change in specifications by PG&E to assign responsibility to SDC for delaying the construction project which affected the Plaintiff, which was a distortion of the truth. This delay was used to involve a clause in the contract to assign responsibility to Plaintiff and to unjustly issue fines to Plaintiff to reduce payments due for services rendered.")).

Plaintiff also contends that Defendants breached the contract between Dovali and the City by withholding payment, (*id.* ¶ 3 ("Withholding payment for the controls violates the Fourth Amendment with respect to the State of California Grant to cover cost overruns, discussed above. Consequently, Kelly Yost breached the contract by compelling [Dovali], which in turn directed me to supply and install the controls as per clause in the main contract, without compensation to expand the scope of the project.")), and argues that the contract assigns no fault for any delays caused by "circumstances that are beyond [the parties'] control, such as acts of God," like the Covid-19 pandemic, (*id.* ¶ 8).

Plaintiff, however, may only assert his own rights, and not the rights of others. *See Brumfield v. Dep't of Veteran Affairs,* No. 14–cv–04647–JSC, 2015 WL 294380, at *5 (N.D. Cal. Jan. 22, 2015). He cannot sue "to rectify wrongs done to others." *Id.* Pro se litigants may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life and*

*Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff repeatedly alleges he is the relevant party in interest." (FAC ¶ 3 ("The withholding of payment is a theft and an administrative act without a court order, which seizes my properly, the payment of money owed without a warrant or any judicial process, which violates the Fourth Amendment."), *id.* ¶ 9 ("the Defendants seized/stole my money)). Plaintiff, however, has not demonstrated that he had a contract with Defendants, nor has he alleged how he and Dovali were in privity with one another. Accordingly, to the extent that Plaintiff seeks to vindicate Dovali's rights, Plaintiff is without standing to sue Defendants for breach of contract claim on Dovali's behalf. *See, e.g., Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc./ Obayashi Corp.*, 111 Cal.App.4th 1328, 1348 (2003) ("Under the circumstances presented here, there is no contract between City and subcontractor Sehulster, and Sehulster cannot sue City directly because there is no privity of contract between them."); *Howard Contracting v. G.A. MacDonald Construction Co.*, 71 Cal.App.4th 38, 60 (Cal. App. Dec. 21, 1998) ("When a public agency breaches a construction contract with a contractor, damage often ensues to a subcontractor. In such a situation, the subcontractor may not have legal standing to assert a claim directly against the public agency due to a lack of privity of contract, but may assert a claim against the general contractor . . . As a subcontractor, [Plaintiff] had no standing to sue the City directly, particularly on a breach of contract theory, because [Plaintiff] and the City were not in privity of contract.").

Setting those allegations aside and construing the complaint liberally, the Court interprets Plaintiff's complaint to allege the following claims: (1) a violation of Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment; (2) a violation of the Equal Protection Clause; (3) a violation of the Fourth Amendment; (4) a violation of the Bill of Attainder Clause; (5) a violation of the Contract Clause; (6) Tortious Interference with Prospective Economic Advantage.[1] (*See* FAC). Plaintiff's first five claims are pursuant to 42 U.S.C. § 1983.

---

[1] Plaintiff makes several references to "intentional infliction of emotional distress"—once within the section "Third Cause of Action: Tortious Interference with Prospective Economic Advantage" and once in the "Relief Requested" section. (FAC ¶¶ 58, 62.) However, unlike in his original complaint, (*see* Doc. 1 ¶¶ 74–77), Plaintiff has not plead intentional infliction of emotion distress as a cause of action. Therefore, the Court construes the FAC as abandoning that claim. The Court further finds that, even if this cause of action were not abandoned, such a claim is not cognizable because a tort theory cannot be asserted against the City of Fresno except as otherwise provided by statute and Plaintiff has not cited to any statute supporting a claim for intentional infliction of emotional distress. (*See infra*;

8

**A.     Constitutional Claims Under § 1983**

      **1.     Plaintiff Has Not Sufficiently Alleged *Monell* Liability**

Defendants contend the Court must dismiss Plaintiff's claims based on the U.S. Constitution because Plaintiff does not sufficiently allege liability under § 1983. (Doc. 32-1 at 14–16). "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Municipalities, like the City of Fresno, are answerable only for their own decisions and policies, and they are not vicariously liable for the constitutional torts of their agents. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). To establish liability under *Monell*, a plaintiff must allege: "(1) that he [or she] possessed a constitutional right of which he was deprived; (2) that the [local governmental entity] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citation and internal quotation marks omitted). A municipality can be held liable under section 1983 for constitutional injuries pursuant to: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "Whether a particular official has final policy-making authority is a question of state law." *Jessen v. County of Fresno*, 808 F. App'x 432, 435 (9th Cir. 2020).

Plaintiff has failed to allege that Defendants had a policy; that that policy amounted to deliberate indifference to his constitutional right; and that that policy was the moving force behind any constitutional violation, as required by *Monell*. *Oviatt*, 954 F.2d at 1474. At most, Plaintiff alleges "a policy of reducing compensation for services performed with unlawful assignment of responsibility to plaintiff for circumstances beyond his control," (FAC ¶ 33), and a "custom and policy to cheat contractors out of money," (FAC ¶ 37). Despite Plaintiff's use of the word "policy," he alleges no facts supporting the existence of the alleged policy, let alone how that policy is the "moving force" behind a constitutional violation. Plaintiff may not simply recite the elements of a cause of action—the complaint "must contain sufficient allegations of underlying facts to give fair

*see also Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998); Cal. Gov. Code, § 815, subd. (a)).

notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The allegations must also plausibly suggest Plaintiff is entitled to relief "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*  Plaintiff's conclusory allegations do not establish that the practices were widespread and so well settled as to constitute a custom or usage, nor has he connected any policy to a specific constitutional injury. *See infra*.  Accordingly, the undersigned recommends dismissing Plaintiff's claims under § 1983.

Because Plaintiff also fails to state constitutional violations (in addition to failing to allege *Monell* liability for those violations) the undersigned will address them briefly below.

### 2. Plaintiff Has Not Alleged a Violation of the Due Process Clause

Plaintiff again alleges that "[w]ithout a court order or a warrant to seize personal property, the Defendants cannot seize and withhold personal property, my money, because it is a violation of my due process rights." (FAC ¶ 9).  Plaintiff also again alleges "[h]olding back money that is due and owing without a court order is an unlawful act that is done without judicial due process and making false claims that plaintiff did not deliver the electrical equipment on time when the supply chain issues have caused the issues, on time when the supply chain issues which are out of anyone's control have caused the delays." (*Id.*).  Plaintiff further alleges that "Defendants have side stepped the clearly stated procedural requirements under the U.S. Constitution," and that the Defendants' decision to impose penalties was an "arbitrary and capricious act with no legitimate government purpose other than to save money on their construction costs." (FAC ¶ 28).

The Fourteenth Amendment of the U.S. Constitution protects against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  "Claims under the Due Process Clause may be either procedural or substantive in nature." *Alexander v. County of San Mateo*, No. 20-cv-05179-RS, 2020 WL 6577499, at *2 (N.D. Cal. Oct. 6, 2020).  "A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Substantive due process claims center on whether an

interest may be infringed upon at all. *Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008). "These two types of claims share a threshold requirement: 'the plaintiff's showing of a liberty or property interest protected by the Constitution.'" *Alexander*, 2020 WL 6577499, at *2 (quoting *Engquist v. Oregon Dep't of Agr.*, 478 F.3d 985, 996 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). A person has a protected property interest in a benefit only if they "have a legitimate claim of entitlement to it." *City of Castle Rock v. Gomez*, 545 U.S. 748, 756 (2005).

Both of Plaintiff's Due Process Clause claims fail because he has not identified a liberty or property interest protected by the Constitution. Plaintiff alleges Defendants violated Plaintiff's procedural and substantive due process rights based on the Defendants' "the withholding of payment." (FAC ¶ 50). But Plaintiff has not demonstrated that he is entitled to payment from Defendants as he does not allege contractual privity with them. Dovali is the party in privity with the City, and Plaintiff has not established how it had a protected property interest in Dovali receiving payments. Accordingly, Plaintiff has not sufficiently alleged a claim under the Due Process Clause. *Engquist*, 478 F.3d at 996.

### 3. Plaintiff Has Not Alleged a Violation of the Equal Protection Clause

Plaintiff references a claim based on a violation of the Equal Protection Clause in passing. (*See* FAC ¶ 17 ("This is a violation of my rights to due process and equal protection.")). Plaintiff alleges no facts to support this conclusory allegation. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not state a claim. *Twombly*, 550 U.S. at 555-57 (2007). Without more, Plaintiff has failed to state a claim under the Equal Protection Clause.

### 4. Plaintiff Has Not Alleged a Violation of the Bill of Attainder

Plaintiff appears to assert a claim based on a violation of the Bill of Attainder Clause, referencing that clause in passing. (*See* FAC ¶ 45 ("This is a violation of my rights to due process and equal protection.")). Plaintiff alleges no facts to support this conclusory allegation. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not state a claim. *Twombly*, 550 U.S. at 555-57 (2007). Without more, Plaintiff has failed to state a claim under the Bill of Attainder Clause.

### 5. Plaintiff Has Not Alleged a Violation of the Contracts Clause

Plaintiff alleges that Defendants violated the Contracts Clause, U.S. Const. Art. 1 § 10, by "unlaw[fully] impos[ing] monetary sanctions in the nature of fines, which violates the Contract Clause." (FAC ¶ 45). Plaintiff also alleges the Defendants violated the Contracts Clause "by failing to honor and uphold the construction contract under which Plaintiff must be paid for his electrical materials and wire etc. and services, including but not limited to the over One hundred-thousand-dollar Motor Control Center. (*Id.* ¶ 49).

The Contract Clause of the U.S. Constitution prevents states from passing laws that impair contractual obligations. *See* U.S. Const. Art. 1 § 10. "It regulates the legislative power of states, not the acts or decisions of state officers or individuals." *Hill v. Newsom*, No. 2:19-cv-1680 DAD AC P, 2022 WL 16722216, at *4 (Nov. 4, 2022). Plaintiff has not alleged the state legislature has impaired his contract with another party, nor has Plaintiff alleged he has a contract with Defendant. Accordingly, Plaintiff has failed to allege a claim under the Contracts Clause.

### 6. Plaintiff Has Not Alleged a Violation of the Fourth Amendment

Plaintiff alleges "[t]he withholding of payment is a theft and an administrative act without a court order, which seizes my property, the payment of money owed with a warrant or any judicial of the full amounts of payments is an administrative act without a court order, which seizes Plaintiff's property, the payment of money owed without a warrant or any judicial process, which violates the Fourth Amendment." (FAC ¶ 3). Plaintiff again seeks "injunctive relief for the threat of the violation of the Fourth Amendment." (FAC ¶ 39).

The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Rubio*, 727 F.2d 786, 796–97 (9th Cir. 1983).

Plaintiff has not alleged that he or his property was seized so as to implicate the Fourth Amendment. Again, Plaintiff has not established there was any contract between Plaintiff and

1  Defendant.  Plaintiff instead alleges that Defendants withheld payment to Dovali, who in turn,
2  withheld payment from Plaintiff.  Accordingly, Plaintiff has failed to state a claim for violation of
3  the Fourth Amendment.

### B. State Law Claims

Plaintiffs also allege a state law claim—negligent interference with a prospective economic advantage.  Defendants contend that "Plaintiff has still not cured the issues raised by the Court's prior ruling [(Doc. 20)].  Plaintiff's cause of action ignores the fact that all tort liability against a public entity is statutory . . . . Plaintiff[] . . . attempts to assert a tort claim against the City of Fresno under state common law.  In doing so he ignores that a tort theory cannot be asserted against the City of Fresno except as otherwise provided by statute.  No statute has been provided by Plaintiff." (Doc.32-1 at 16–17).

Under the California Government Claims Act, "a public entity is not liable for injury arising from an act or omission except as provided by statute." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998); *see also* Cal. Gov. Code, § 815, subd. (a).  Accordingly, in California, "all government tort liability must be based on statute." *Hoff*, 19 Cal. 4th at 932; *see also Churchman v. Bay Area Rapid Transit Dist.*, 39 Cal. App. 5th 246, 250 (2019).  Plaintiffs are required to plead the statutory basis for a claim against a government entity or employee. *Morse v. Cty. of Merced*, 2016 WL 3254034, at *6 (E.D. Cal. June 13, 2016) (citing *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 808–09 (1969)); *see also Lopez v. Southern Cal. Rapid Dist.*, 40 Cal. 3d 780, 795 (1985).  "Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified." *Searcy*, 177 Cal. App. 3d at 802.  Plaintiff has not identified a statutory basis for liability.  Without as much, Plaintiff's state law claims must be dismissed. *See Fisher v. Army National Guard*, 2021 WL 5989798, at *8 (E.D. Cal. Dec. 17, 2021); *Barone v. Los Angeles County Sheriff's Department*, 2024 WL 3001397, at *11 (C.D. Cal. March 29, 2024).

## VII.    LEAVE TO AMEND

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the

allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

Further amendment is not appropriate in this case. When dismissing the initial complaint, the District Court advised Plaintiff that he could file an amended complaint if he believed that he could allege cognizable claims. (*See* Docs 20 at 15, 28 at 3). Plaintiff has repeatedly demonstrated that he is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his amended complaint. Thus, the undersigned recommends the Plaintiff not be given any further leave to amend and further recommends that the action be dismissed.

## VIII.  CONCLUSION

For the foregoing reasons, the undersigned recommends the following:

(1) The hearing on this motion scheduled for March 12, 2025 is VACATED;

(2) Defendants' request for judicial notice (Doc. 32-2) be GRANTED;

(3) Defendants' Motion to Dismiss (Doc. 32) be GRANTED without leave to amend.

(4) Defendants' Motion to Strike (Doc. 32) be DENIED as moot; and

(5) Defendants' Motion for a More Definite Statement (Doc. 32) be DENIED as moot.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

Case 1:24-cv-00826-JLT-SKO    Document 35    Filed 02/25/25    Page 15 of 15

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 24, 2025**                             */s/ Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

15