UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLY YOST, in his Official and Private Capacity, the CITY OF FRESNO, A Municipal Corporation, DOES 1-20 inclusive,<br><br>    Defendants. | Case No.: 1:24-cv-00826 JLT SKO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>(Docs. 32, 35, 36) |

Barry Halajian initiated this action against Kelly Yost and the City of Fresno (collectively, "Defendants") in which he raises various claims. (Doc. 1.) After the Court dismissed the complaint with leave to amend (Doc. 28), he filed a First Amended Complaint. (Doc. 29) Defendants moved to dismiss the FAC (Doc. 32), and Plaintiff did not file an opposition to the motion. The magistrate judge evaluated the motion and recommended it be granted and that Defendants' motion for a more definite statement and to strike be denied as moot. (Doc. 35.)

The magistrate judge found that Plaintiff failed to sufficiently allege facts that would support *Monell* liability against the City (*id.* at 9–10); failed to state constitutional violations under the Due Process Clause, the Equal Protections Clause, (*id.* at 10–11), or the Fourth Amendment, (*id.* at 12–13); failed to state a claim regarding a bill of attainder, because Plaintiff did not identify any "bill" at issue (*id.* at 11); did not allege a violation of the Contracts Clause because "Plaintiff has not alleged the state

1 legislature has impaired his contract with another party nor has Plaintiff alleged he has a contract with Defendant" (*id.* at 12); and finally, failed to state a claim under state law because he did not "identif[y] a statutory basis for liability." (*Id.* at 13.) Therefore, the magistrate judge recommended the motion to dismiss be granted, and, given that Plaintiff had previously been given leave to amend, that Plaintiff be given no further leave to amend. (*Id.* at 13–14.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 21 days. (Doc. 35 at 14–15.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)). On March 5, 2025, Plaintiff filed an "Opposition to the Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss." (Doc. 37). To the extent this was intended as an opposition to the underlying motion, the submission was untimely as it was filed 20 days late and after the Court issued the Findings and Recommendations. Nonetheless, in an abundance of caution, the Court has treated the filing as objections to the Findings and Recommendations and has thus considered them and the associated request for judicial notice (Doc. 36).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's opposition, construed as objections, the Court concludes the Findings and Recommendation are supported by the record and proper analysis. Plaintiff's objections do not present any arguments that meaningfully undermine the reasoning and conclusions of the Findings and Recommendations. Thus, the Court **ORDERS**:

1. The Findings and Recommendation dated February 25, 2025, (Doc. 35), are **ADOPTED IN FULL**.
2. Defendants' request for Judicial Notice, (Doc. 32-2), is **GRANTED**.
3. Defendants' Motion to Dismiss, (Doc. 32), is **GRANTED** without leave to amend.
4. Defendants' Motion to Strike, (Doc. 32), is **DENIED** as moot.
5. Defendant's Motion for a More Definite Statement, (Doc. 32), is **DENIED** as moot.

///

///

2

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 1, 2025**__

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE